**George T. UNDERHILL, III, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 96–SC–1046–KB.**

Supreme Court of Kentucky.

Jan. 30, 1997.

Peter L. Ostermiller, Louisville, for movant.

Bruce K. Davis, Executive Director, Jay R. Garrett, Deputy Counsel, Kentucky Bar Association, Frankfort, for respondent.

*ORDER*

George T. Underhill, III, has moved this Court for an order of public reprimand, pursuant to SCR 3.480(3).

The Inquiry Tribunal of the Kentucky Bar Association has charged Underhill with violating SCR 3.130–1.8(a) when he sold a business in Louisville to his client, Charles Michael Miller. SCR 3.130–1.8(a) provides:

(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(1) The transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client;

(2) The client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and

(3) The client consents in writing thereto.

On February 13, 1990, Underhill and his partners, George T. Underhill, Jr., Jeffrey Underhill, and Stanley Lipton sold a laundromat to Miller for $150,000. Miller borrowed $53,000 for a down payment from Liberty National Bank, securing the loan with a second mortgage on his house and a certificate of deposit owned by his grandmother. Miller then borrowed an additional $110,000 from Liberty for the balance of the purchase price. Underhill and his partners personally guaranteed the loan to Miller. To insure their loan, Underhill and his partners required

Miller to grant them a mortgage on his house.

Miller defaulted on the loan to Liberty, and, in April of 1991, Liberty initiated foreclosure proceedings. Underhill and his partners brought suit in Jefferson Circuit Court against Miller for costs they would be required to pay Liberty because of their loan agreement. They also requested that Miller sell his house to pay the obligation. Miller counterclaimed, alleging that Underhill breached a fiduciary duty owed to him because of their attorney-client relationship. The jury found that Underhill did indeed breach his fiduciary duty to Miller in the sale and returned a verdict in Miller's favor.

Underhill acknowledges that his conduct was inappropriate and unprofessional and in violation of SCR 3.130–1.8(a)(2), with regard to giving Miller an opportunity to seek advice from independent counsel. Underhill also concedes that he failed to get written consent from Miller, per SCR 3.130–1.8(a)(3); however, Underhill notes in mitigation that this business transaction began in December of 1989—a month before the Rules of Professional Conduct were enacted on January 1, 1990, adding the requirement of the client's written consent for business transactions. Underhill also admits that the transaction did not conclude, however, until February of 1990, approximately forty-five days after SCR 3.130–1.8(a)(3) took effect.

Underhill desires to terminate this disciplinary proceeding by requesting a public reprimand. The Kentucky Bar Association, by counsel, has responded that it has no objection to a final disposition of this matter by means of a public reprimand for the acknowledged improper conduct.

Having reviewed the record in this matter, this Court finds that the evidence supports the recommendation of the Kentucky Bar Association for a public reprimand.

George T. Underhill, III, is hereby publicly reprimanded. The disciplinary proceeding pending against him shall be terminated and the costs of $29.95 shall be paid by Underhill in accordance with SCR 3.450.

All concur.

ENTERED: January 30, 1997.

/s/ Robert F. Stephens
Chief Justice